IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

Joseph Schauder,                          )
                          Plaintiff,       )   Civil Action No. 8:07-0335-HFF-WMC
                                          )
            vs.                            )   **REPORT OF MAGISTRATE JUDGE**
                                          )
Academy Collection Services,              )
                                          )
                          Defendant.       )
_____)

        The plaintiff, who is proceeding *pro se,* brought this action under the Fair Debt Collection Practices Act.   Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02)(B)(2)(e) D.S.C., all pretrial matters in cases involving pro se litigants are referred to a United States Magistrate Judge for consideration.

        The plaintiff's Citibank credit card account is in default (second am. comp. ¶ 12).  This account was referred to defendant Academy Collection so that it could attempt to collect the plaintiff's debt in full or come to a settlement, whereby the plaintiff would agree to pay some lower amount (second am. comp. ¶ 5).  The claims at issue arise out of such attempts by Academy Collection (second am. comp. ¶ 4).  The plaintiff alleges that the defendant made eight phone calls in attempt to collect the plaintiff's debt (second am. comp. ¶¶ 15-22).  In its attempt to collect said debt, the plaintiff alleges that Academy Collection violated numerous provisions of the Fair Debt Collection Practices Act ("FDCPA") and the South Carolina Consumer Protection Code ("SCCPC").  The plaintiff further alleges that because of Academy Collection's eight telephone calls he has sustained trauma, humiliation, emotional distress, fear, anxiety, stress, loss of sleep, and irritability (second am. comp. ¶¶ 30, 44).  He seeks $25,000 in actual damages and $1,000 for each FDCPA violation, and additional statutory damages for each SCCPC violation.

On September 11, 2007, the plaintiff filed a motion for partial summary judgment, arguing that seven of the telephone calls were in clear violation of the FDCPA and SCCPC. Accordingly, he asked that the court order actual damages in the amount of $5,000, statutory damages of $1,000 for each violation of the FDCPA, and $1,000 for each violation of the SCCPC. On October 1, 2007, the defendant filed its opposition to the motion for partial summary judgment, arguing that the plaintiff had not shown that the defendant made any communication that violated the FDCPA and SCCPC. The defendant further argued that the plaintiff was improperly seeking multiple statutory damages, while both acts limited statutory damages to $1,000 per action, not per violation. *See* 15 U.S.C. § 1592k(a)(2)(A); S.C. Code Ann. § 37-5-108(2).

On December 3, 2007, the defendant moved to withdraw its opposition to the plaintiff's motion for partial summary judgment. The defendant requests that the court allow the plaintiff's motion for partial summary judgment to proceed unopposed to the extent that it seeks to establish the defendant's statutory liability under the FDCPA and SCCPC. Further, the defendant requests that the court allow the parties to proceed solely for the purpose of establishing the plaintiff's actual damages, if any, which may exist in addition to statutory damages. The defendant states that it is "no longer willing to continue to litigate the merits of Plaintiff's claims where statutory damages under each Act is limited to $1,000.00. As an out of state Defendant, litigation costs far outweigh any benefit Academy Collection would gain by disproving the myriad allegations by this *pro se* claimant" (def. m. to withdraw 1-2). The plaintiff did not file any opposition to the defendant's motion.

Based upon the foregoing, this court recommends that the defendant's motion to withdraw its opposition (doc. no. 72) be granted. This court further recommends that the plaintiff's motion for partial summary judgment (doc. no. 51) be granted as to the statutory liability of the defendant. The parties should be allowed to proceed solely for the purpose of establishing the plaintiff's actual damages, if any, which may exist in addition to statutory

2

damages.  Furthermore, the plaintiff's motion to compel (doc. no. 70) should be held in abeyance pending the district court's disposition of the defendant's motion to withdraw and the plaintiff's motion for partial summary judgment.  Should the district judge adopt this court's recommendation, the motion to compel will be rendered moot as all of the plaintiff's discovery requests are intended to solicit evidence to facilitate his efforts in proving liability.


s//William M. Catoe
United States Magistrate Judge

January 4, 2008

Greenville, South Carolina